THE PEOPLE OF THE STATE OF NEW YORK ex rel. LORENZO CRISCOLLA, Respondent, v. HENRY H. ADAMS, as Treasurer of the County of Kings, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANDREW P. JOHNSON, Appellant, v. HENRY H. ADAMS, as Treasurer of the County of Kings, Respondent.

*Interpreters in Kings county — cannot be removed except for cause — but two can be appointed — chapter 249 of 1869, not repealed by implication by Code of Civil Procedure, § 94.*

The board of supervisors of the county of Kings is authorized and empowered by chapter 249 of the Laws of 1869 to designate and appoint some suitable person as interpreter, whose duty it shall be to attend the courts of record in said county at which witnesses are sworn and testify.

Such board of supervisors is also empowered to appoint a second interpreter by the provisions of section 94 of the Code of Civil Procedure, which section does not repeal, by implication, chapter 249 of the Laws of 1869.

Under the provisions of section 94 of the Code of Civil Procedure, not more than one interpreter can be appointed, and both interpreters appointed by the board of supervisors of the county of Kings are entitled to hold office during good behavior, and cannot be removed except for cause.

APPEAL by Henry H. Adams, as treasurer of the county of Kings, in the first above-entitled action, from an order of the Supreme Court, made at the Kings County Special Term, bearing date the 30th day of April, 1895, and entered in the clerk's office of the county of Kings, directing that a writ of peremptory mandamus issue, commanding him to restore the name of the relator to the pay roll of the county of Kings, and to pay him the salary therein adjudged to be due him for the months of February, March and April, 1895.

Also, an appeal by the relator, Andrew P. Johnson, in the second above-entitled action, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 1st day of May, 1895, which order denied the application of the relator for a peremptory writ of mandamus directed to Henry H. Adams, as treasurer of the county of Kings, commanding him to restore the name of the said relator to the pay roll of the county of Kings and to pay him the salary due him for the month of February, 1895.

*J. Edward Swanstrom,* for relators Criscolla and Johnson.

*George F. Elliott,* for Henry H. Adams, as treasurer, etc.

Order affirmed on opinion of BARTLETT, J., at Special Term.

Present — BROWN, P. J., DYKMAN and PRATT, JJ.
BROWN, P. J., dissented in the Criscolla case.

The opinion of BARTLETT, J., was as follows:

BARTLETT, J.:

On January 28, 1895, the board of supervisors adopted a resolution declaring that John Jacobson was thereby appointed Scandinavian interpreter in the courts of record of Kings county in place

of Andrew P. Johnson, thereby removed, and that Louis Perry was thereby appointed Italian interpreter in such courts in place of L. Criscolla, likewise thereby removed. It is not pretended that either of these removals was for misconduct. Interpreters appointed by the board of supervisors are entitled to hold office during good behavior. (Laws of 1869, chap. 249 ; Code Civ. Proc. § 94.) Messrs. Johnson and Criscolla, claiming that their removal in this manner was illegal and void, have instituted the present proceeding to compel the county treasurer to pay them their salaries just as though the resolution of January 28, 1895, had never been passed.

The main ground of opposition to the application is the proposition that under existing laws the supervisors have the right to appoint only one interpreter for the courts of record in Kings county ; that they have exercised that right in appointing Frank Mann, the German interpreter now in office, and hence that the appointments of Messrs. Johnson and Criscolla being invalid as in excess of the powers of the board of supervisors, the county treasurer should not be directed or allowed to pay their salaries.

This objection makes it necessary to determine what legislation is now in force in respect to the appointment of interpreter by the supervisors of this county, and what are the powers of the board thereunder.

Chapter 249 of the Laws of 1869 provides as follows : " The board of supervisors of the county of Kings are authorized and empowered to designate and appoint some suitable person as interpreter, whose duty it shall be to attend the courts of record in said county, at which witnesses are sworn and testify, and who shall be paid the sum of twelve hundred dollars per annum, during the good behavior of the said interpreter."

I am not able to discover that this act has ever been repealed. The learned counsel for the relators declares that it has not been repealed and in this assertion he is sustained by Mr. Birdseye's Chronological Table of New York Statutes. I do not think it was repealed by implication by the enactment of section 94* of the Code of Civil Procedure, as there is no necessary repugnancy, and that section is to be regarded simply as conferring authority to appoint a second interpreter. It reads as follows : " The board of super-

---

* This section has since been amended. See chapter 724 of 1895.— [REP.

ʼvisors of the county of Kings may appoint an interpreter to attend the terms of the courts of record, except the county court held in that county, at which issues of fact are triable, who shall hold his office during good behavior."

It is contended in behalf of the relators that this provision of the Code authorizes the appointment of more than one interpreter, and I am informed that such has been the construction put upon it by the board. I cannot concur in that interpretation. It is difficult for me to preceive how language could be used which would make it clearer that the appointment of one officer and only one was contemplated by the enactment of this particular section.

The act of 1869, as already shown, had previously provided for the appointment of one, and my conclusion is that under that statute and the Code, the extent of the power of the supervisors in this matter is the appointment of two interpreters; one by virtue of chapter 249 of the Laws of 1869, the other by virtue of section 94 of the Code of Civil Procedure.

The papers before me make it plain that Mr. Mann, the German interpreter, holds his office under the act of 1869, though the resolution appointing him refers to section 94 of the Code. The first appointee under that statute was John Smith, April 27, 1869. He died and Bernard Midas was appointed in his place on November 11, 1886. Mr. Midas resigned and on December 12, 1889, Frank Mann was appointed expressly to fill the vacancy caused by his resignation.

It appears to be equally clear that the first appointment and the only one which can be regarded as having been made under section 94 of the Code, was that of Mr. Criscolla, who was appointed interpreter of Italian, French and Spanish on June 14, 1883. The averment in his affidavit that he has at all times behaved himself properly while holding the said office of interpreter is not denied. The resolution of the board of supervisors, assuming to remove him without cause, was, therefore, wholly nugatory, and cannot deprive him of the right to his compensation.

The case of Mr. Johnson is different; at the time when the board attempted to appoint him in 1892, Mr. Mann and Mr. Criscolla were in office. If the view which I entertain is correct, the board could not then lawfully appoint a third interpreter. Hence his appoint-

ment was invalid, and the court cannot command the county treasurer to make any further payment to him. Indeed, any such payment to him or to any other persons claiming to be interpreters by virtue of an appointment by the supervisors, except Messrs. Mann and Criscolla, would seem to be without any authority in the law as it now stands.

Application in behalf of the relator Criscolla, granted.
Application in behalf of the relator Johnson, denied. No costs.